DIXON, Justice.
On January 25, 1973 defendant was indicted for the murder of his daughter. He was subsequently convicted and sentenced to serve eighteen years in the custody of the Department of Corrections. He appeals to this court raising two assignments of error.
In his first assignment of error, defendant contends the trial court wrongly admitted into evidence pictures of the deceased body. The photographs were taken at the morgue and show the body of a two month old child. They show penetration wounds in the areas of the eye, the back and the chest. The pictures also show the sutured autopsy incisions.
Because of the age of the victim and the nature of the wounds, the pictures are unpleasant. However, the relevancy of these pictures outweighed their inflammatory effect.
Defendant testified that the baby was stabbed accidentally during a fight between him and his wife when they fell on the bed in which the baby was lying. The photographs show that the wounds were multiple, deep and inflicted at widely different areas of the body. This tends to negate the inference that the child could have been stabbed accidentally.
This assignment lacks merit.
In his second assignment, defendant contends that a statement made by him to police officers the night of the incident was obtained in violation of his Fifth Amendment rights against self-incrimination. Defendant claims the atmosphere at the police station was “oppressive,” that he was ill when questioned, and that he was questioned without an attorney. The trial court’s per curiam accurately related the facts adduced at the motion to suppress and at trial:
*203 “. . . The testimony on the motion disclosed that after the incident for which the defendant was arrested the defendant was taken to Charity Hospital for treatment of wounds received by him at the time of the incident in question. This was early in the afternoon. About ten p. m. that night the defendant was released by Charity Hospital to the officers and after having been booked was taken to the detective bureau for questioning. At the detective bureau the defendant was advised of his Constitutional Rights by the officers. The officers testified that neither one of them in any way physically abused, threatened or made any promises to the defendant in order to obtain a statement. The defendant testified that immediately upon being questioned the officers began to beat him because of his alleged refusal to make a statement to them. During his testimony the defendant denied making any statement whatsoever concerning this case. The officers testified in rebuttal on the motion that neither had struck the defendant or made any threats to him at the time of the taking of the statement. In my opinion the credible testimony on this matter was that of the two officers. I felt that the State had borne the burden of proof beyond a reasonable doubt that the defendant had been fully advised of all his Constitutional Rights and that there was no force or threats or promises'made to him in connection with the making of his statement. Accordingly, I overruled the motion to suppress.”
The officers also testified defendant appeared to have no residual discomfort from his earlier wound, and their interrogation lasted only “an hour or an hour and a half.” They were the only officers present during the interrogation.
C.Cr.P. 703 provides the following burden of proof:
“. . . the state shall have the burden of proving that a purported written confession or written inculpatory statement was made freely and voluntarily and was not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.”
Looking to all the circumstances, Haynes v. Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963), we find the State sustained its burden of proving the confession voluntary. The physicians who attended defendant found he was well enough to be released to police authorities. Officers noticed no effect upon him caused by his injury. He was informed of his right to have an attorney present, and he chose not to exercise this right. This is not a case where defendant’s “will has been overborne and his capacity for self-determination critically impaired.” Culombe v. Connecticut, 367 U.S. 568, 81 S.Ct. 1860, 1879, 6 L.Ed.2d 1037 (1961); Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961).
This assignment lacks merit.
For the reasons expressed, defendant’s conviction and sentence are affirmed.